STATE *v.* COLLINS.

of Correction. After defendant had been committed to the custody of the department, he himself gave notice of appeal by letter to the Clerk of the Superior Court. The court directed Mr. Motsinger to perfect and prosecute his appeal at the expense of the State of North Carolina.

*T. W. Bruton, Attorney General and Harry W. McGalliard, Deputy Attorney General for the State.*
*J. F. Motsinger for defendant.*

---

### STATE v. CALVIN COLLINS.

(Filed 10 April 1968.)

APPEAL by defendant from *May, S.J.,* at the 25 September 1967 Mixed Session of DAVIDSON.

The defendant was charged in an indictment, proper in form, with felonious escape from State Prison Camp #061 while he was confined therein serving a former sentence for a misdemeanor escape, the present being the third offense of escape. Counsel was appointed for his defense, he being found unable to employ counsel by reason of indigency. Through his court appointed counsel, the defendant entered a plea of "guilty as charged." Before accepting the plea the court interrogated the defendant as to the authority of his counsel to enter it. The defendant stated in open court that he had so authorized his counsel and understood that upon such plea he could receive a sentence up to three years. The plea of guilty was thereupon recorded by order of the court.

The officer in charge of prisoners at the Davidson County Prison Camp testified that the defendant was confined therein pursuant to sentences for drunk and disorderly conduct and disturbing the peace.

The officer then testified that the defendant and another prisoner, while attending a school of brickmasonry outside the prison camp confines, got drunk and walked away from the school. Three days later he was picked up by the police in Winston-Salem. The officer further testified that the defendant was not a cooperative inmate while at the prison camp.

Judgment was entered that the defendant be confined in the North Carolina Prison for a term of 18 months, to work under the direction and supervision of the North Carolina State Department of Correction. The judgment recommended that the defendant be given a physical and psychiatric examination, with special attention to whether he is an alcoholic and directed that, if he be found to be an alcoholic, he be sent to the appropriate State institution for treatment.

On the day following the entry of judgment, the defendant advised the clerk of the superior court of his desire to appeal from the judgment to the Supreme Court, stating that he had not been given sufficient time prior to trial for conferences with his court appointed counsel and thus had been denied his "rights." Thereupon, the defendant appeared in open court with his court appointed counsel, who requested permission to withdraw from the case. Permission to withdraw was denied. The defendant then contended that he entered the plea of guilty because he thought his case was to be continued and the privilege of bail allowed him. Counsel thereupon moved that a reasonable bond for the appearance of the defendant be set. The court fixed such bond at $5,000.

The superior court entered an order directing that the communication by the defendant to the clerk on 28 September 1967 be treated as a notice of appeal to the Supreme Court, and appointed the same counsel to represent the defendant upon appeal. The order provided that the defendant be supplied with a transcript of the proceedings at the expense of the county and that the county bear the cost of the record and brief for the appellant upon the appeal.

The only assignments of error are the denial of the defendant's motion of arrest of judgment and the denial of his motion to set aside the judgment for unspecified errors committed at the trial. It is stipulated in the record that the court in which the defendant was brought to trial and sentenced was properly organized and that "the case was tried in accordance with the rules and practices of the courts."

*Attorney General Bruton, Assistant Attorney General Melvin and Staff Attorney Costen for the State.*

*Ford M. Meyers for defendant appellant.*

PER CURIAM. The indictment being in proper form, the court being properly organized, the defendant having entered a plea of guilty through his court appointed counsel, the sentence being less than the maximum provided in the statute for the offense charged, G.S. 148-45, there was no ground upon which the motion in arrest of judgment could properly be allowed. There was, consequently, no error in its denial. It being stipulated in the record that the case "was tried in accordance with the rules and practices of the courts," and no error in the proceedings appearing in the record, there is no basis upon which a new trial may be awarded.

No error.